FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 04, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEROY L., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. | No. 1:20-CV-03012-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 18. Attorney D. James Tree represents Leroy L. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 25, 2014, alleging disability since September 17, 2013, due to a heart attack. Tr. 107. The applications were denied initially and upon reconsideration. Tr. 190-92, 200-11. Administrative Law Judge (ALJ) Larry Kennedy held a hearing on June 8, 2017, Tr. 38-77, and issued a partially favorable decision on August 8, 2017, establishing disability as of Plaintiff's 50th birthday, Tr. 162-75. The Appeals Council assumed jurisdiction of the claim and vacated the decision, remanding for further proceedings. Tr. 185-88.

Judge Kennedy held a remand hearing on October 22, 2018, Tr. 77-105, and issued an unfavorable decision on January 28, 2019, Tr. 21-34. Plaintiff requested review by the Appeals Council. Tr. 354-56, 559-86. The Appeals Council denied Plaintiff's request for review on December 13, 2019. Tr. 1-6. The ALJ's January 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 22, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1966 and was 46 years old as of his alleged onset date. Tr. 107. He completed the 11th grade and worked as a cleaner, warehouse worker, landscaper, construction worker, and roofer. Tr. 55, 71, 89-90. In September 2013, while working as a roofer, Plaintiff fell from a ladder and broke his right heel. Tr. 1023. He underwent surgery for the fracture in October 2013 and was released to work without restrictions by February 2014. Tr. 1038-39, 1067.

In July 2014 Plaintiff suffered an acute myocardial infarction and was hospitalized for two days. Tr. 589. He was unable to participate in formal cardiac rehabilitation due to finances but was doing well within a few months. Tr. 628-30.

///

///

Plaintiff moved from Idaho to Washington in 2015 and began receiving regular medical treatment for musculoskeletal issues, cardiac monitoring, and general health maintenance. Tr. 679, 718, 734, 789, 942, 950.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through

four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 28, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 24.

At step two, the ALJ determined Plaintiff had the following severe impairments: history of coronary artery disease/myocardial infarction; hypertension; degenerative arthritis/osteoarthritis of the bilateral hips; degenerative disc disease of the lumbar spine; open reduction internal fixation for calcaneus fracture in the right foot; medial compartment narrowing of the bilateral knees; and small right inguinal hernia. Tr. 24-25.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertion level work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> The claimant is limited to standing and/or walking up to two hours in an eight hour workday. He can occasionally balance, stoop, kneel, and crouch. The claimant can never climb or crawl. He must avoid concentrated exposure to vibrations, pulmonary irritants, and hazards.

Tr. 27.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a roofer helper, landscape laborer, construction worker, cleaner, or warehouse worker. Tr. 32.

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of basket filler, egg sorter, and parking lot attendant. Tr. 33.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 34.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to assess disability under the Grid Rules; (2) improperly assessing the opinion evidence; (3) improperly assessing Plaintiff's testimony; and (4) failing to meet his step-5 burden.

## DISCUSSION

**1.    Medical opinion evidence**

Plaintiff argues the ALJ improperly disregarded various medical opinions throughout the file, including work restrictions following his heel fracture,

functional assessments done for DSHS, and the reconsideration opinion from the state agency reviewing doctor. ECF No. 13 at 6-15.

When a treating physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

**a. Dr. Crank and Dr. Packer**

In January 2015, Plaintiff established care at Yakima Neighborhood Health Services. Tr. 679. In February he met with Dr. Jeremiah Crank for a physical exam and to have DSHS paperwork completed. Tr. 651-64. Dr. Crank indicated Plaintiff's conditions included shortness of breath on exertion, right foot pain status-post surgery, and bilateral knee pain, all of which caused marked impairment in work-related activities. Tr. 652. He opined Plaintiff was limited to no more than sedentary work and needed further imaging, cardiac testing, pain medication, and possible surgical consultation. Tr. 653.

Later in February, Dr. Brent Packer reviewed Dr. Crank's opinion and treatment notes and concurred with the diagnoses, but recommended Plaintiff be limited to less than sedentary work activity. Tr. 650.

///

Nearly two years later, in December 2016, Dr. Crank completed a second DSHS Physical Function Evaluation form, noting Plaintiff's primary impairment was now left hip pain, especially with walking and standing, which caused marked impairment in physical activities and limited Plaintiff to sedentary work. Tr. 826-28. He noted the need for a bone scan and follow up with orthopedics, and recommended pain medication and possible arthroscopic surgery or total hip replacement. Tr. 828.

The ALJ addressed these opinions together, assigning them some weight to the extent they limited Plaintiff's ability to be on his feet, but discounting the limitation to lifting a maximum of ten pounds, and discounting Dr. Packer's assessment that Plaintiff was unable to sustain even sedentary work due to his cardiac impairment. Tr. 31-32. The ALJ noted Dr. Crank's initial exam was unremarkable other than tenderness to palpation, and noted Plaintiff's improvement and lack of ongoing symptoms related to his cardiac condition. Tr. 32. The ALJ further noted Plaintiff had no prior treatment for knee and foot pain prior to establishing care with Dr. Crank and had initially denied any chronic conditions prior to his 2014 heart attack. *Id.*

Plaintiff asserts the ALJ's offered reasons for rejecting the opinions are not supported by substantial evidence, and argues the ALJ failed to offer any reasons for discounting the various marked limitations or Dr. Crank's second opinion based on Plaintiff's hip condition. ECF No. 13 at 9-14. Defendant argues the ALJ addressed the functional limitations and offered a reasonable interpretation of the records in assigning the opinions some weight. ECF No. 18 at 11-14.

While the Court finds the ALJ reasonably considered the record in assessing the weight assigned to the 2015 opinions, the ALJ failed to offer any rationale for

///

///

///

disregarding Dr. Crank's 2016 opinion.[1] The ALJ addressed the relatively unremarkable findings regarding Plaintiff's cardiac condition and the lack of support for the knee and foot limitations noted by Dr. Crank in the 2015 opinion; however, the later opinion was based on Plaintiff's hip condition, which Plaintiff received treatment for beginning in 2015. Tr. 711-12, 719, 727, 735, 743, 749, 756, 766, 776, 808-09. The ALJ's rationale with respect to Plaintiff's treatment for his knee, foot, and heart conditions does not apply to this opinion.

On remand, the ALJ will reconsider Dr. Crank's second opinion along with the rest of the medical evidence.

**b. Dr. Koukol**

Plaintiff argues the ALJ erred in his assessment of the state agency reconsideration opinion by failing to note that Dr. Koukol gave "controlling weight" to Dr. Crank's assessment of a sedentary RFC. ECF No. 13 at 14-15.

The Court finds no error. While Dr. Koukol did purport to assign controlling weight to Dr. Crank and indicated the opinion was being adopted, Tr. 153, Dr. Koukol's functional assessment was for light work. Tr. 153-54. The remainder of the opinion addressed vocational factors for light work. Tr. 155-56. The ALJ did not err in interpreting Dr. Koukol's opinion as assessing a light exertion RFC. The ALJ addressed the opinion and found additional limitations were warranted, given the additional impairments the ALJ found to be severe. Tr. 31.

**c. Temporary work restrictions**

Plaintiff argues the ALJ erred in failing to discuss and assign weight to various work restrictions that were put in place following Plaintiff's heel fracture in 2013. He asserts that, though many were temporary, they provide relevant

---

[1] The ALJ mistakenly listed the date of the second opinion as December 2015. Dr. Crank's exam and treatment notes were from December 2016, with the form being completed in January 2017. Tr. 828.

evidence of the severity of Plaintiff's impairments from the alleged onset date and indicate that he remained permanently impaired after reaching maximum improvement. ECF No. 13 at 6-15.

The Court finds the ALJ did not err. All of the imposed restrictions were temporary as Plaintiff recovered from his fractured heel. Tr. 1024-25, 1051, 1054, 1056, 1062, 1066. Plaintiff's injury occurred in September 2013; by February 2014, Dr. Smith cleared him for unrestricted work activities. Tr. 1067. In March 2014, Dr. Smith commented Plaintiff had 13% permanent lower extremity impairment related to motion deficits and ongoing achiness, and noted he would likely continue to have a difficult time on uneven terrain, but simultaneously noted Plaintiff was unrestricted in work activities and was currently intending on returning to work as a roofer. Tr. 1070-71. Temporary restrictions are of limited probative value in assessing a claimant's long-term functioning. *See Carmickle c. Comm'r. Soc. Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008).

## 2.   Plaintiff's subjective statements

Plaintiff contends the ALJ erred by improperly rejecting his subjective statements. ECF No. 13 at 15-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify

what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 27. The ALJ explained that he found Plaintiff's allegations unsupported by and inconsistent with the treatment records, contradicted by his work activity in 2014 and his caring for his parents' property, and undermined by Plaintiff's lack of candor at the hearing regarding substance use. Tr. 27-30.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). An ALJ may also consider conflicting or inconsistent testimony concerning alcohol or drug use in assessing the reliability of a claimant's testimony. *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). A claimant's activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Court finds the ALJ reasonably considered these factors in finding Plaintiff's subjective symptom testimony to be unreliable.

However, because this claim is being remanded for reconsideration of the medical evidence, the ALJ shall also reconsider Plaintiff's subjective statements regarding his symptoms.

**3.    Job findings and Medical Vocational Guidelines**

Plaintiff argues the ALJ erred in failing to find him disabled at age 50 under the medical vocational guidelines and improperly found sedentary jobs at step-five,

contradictory to the medical vocational guidelines. ECF No. 13 at 4-6. He further argues that substantial evidence does not support the job numbers found at step-five. *Id.* at 20-21. Defendant argues the ALJ reasonably consulted with a vocational expert instead of applying the medical vocational guidelines, as the RFC fell between two grid rules, and asserts the ALJ reasonably relied on the vocational expert's classification of the jobs as light instead of sedentary. ECF No. 18 at 18-21. Defendant does not address Plaintiff's argument regarding the numbers of jobs identified by the vocational expert. *Id.*

The Medical Vocational Guidelines, or "grid rules," are applied at step five and present a short-hand method for determining the availability of suitable jobs for a claimant, based on the claimant's age, education, previous work experience, and physical ability. *Tackett v. Apfel*, 180 F.3d at 1094, 1101 (9th Cir. 1985). However, the grid rules are only applicable when the grids accurately and completely describe the claimant's abilities and limitations. *Id.* When a claimant's exertional level falls between two grid rules that direct opposite conclusions, the ALJ should consult a vocational expert. Social Security Ruling 83-12; *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002).

The ALJ did not err in failing to apply the medical vocational guidelines to find Plaintiff disabled at age 50. He properly consulted with a vocational expert when the RFC fell between two grid rules: light lifting ability with sedentary standing and walking ability.

However, it is unclear whether the step five jobs are sufficient. While the vocational expert testified that the step five jobs could be performed seated or standing, he also testified that they did not generally require lifting more than ten pounds. Tr. 95-96. Upon questioning from Plaintiff's representative at the hearing, the vocational expert could not identify what characteristics of the jobs accounted for their classification as "light" rather than "sedentary," other than that was how the Dictionary of Occupational Titles classified them. Tr. 96-101. Because a

limitation to sedentary work would require a finding of disability under Grid Rule 201.09, the ALJ may not find Plaintiff "not disabled" based on sedentary jobs. Notably, the vocational expert at the first hearing testified she could not identify any light jobs that fit within the established RFC. Tr. 72. The Court finds the ALJ failed to adequately address and resolve this issue in the decision. Tr. 33-34.

On remand, the ALJ shall obtain additional vocational testimony regarding the classification of any identified jobs. Additionally, on remand, Plaintiff will have the opportunity to question the vocational expert and submit any additional evidence regarding the number of jobs in the national economy.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints, and make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED January 4, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 13